**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PALM PARTNERS, LLC,
a Florida Limited Liability Company,

Plaintiff,

v.

PALM RECOVERY, LLC,
a Florida Limited Liability Company,
and BARRY A. GINSBERG, an individual.

Defendants
_______________________________________/

Case No. ______________________

**JURY TRIAL REQUESTED**

**COMPLAINT FOR WILLFUL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiff PALM PARTNERS, LLC ("Palm Partners" or "Plaintiff") hereby sues Defendants PALM RECOVERY, LLC ("Palm Recovery") and BARRY A. GINSBERG ("Ginsberg) (both Palm Recovery and Ginsberg collectively referred to as "Defendants") for willful trademark infringement and unfair competition regarding and relating to their unauthorized and improper use in commerce of the term **PALM PARTNERS RECOVERY CENTER** which is likely to cause confusion with Plaintiff's incontestable trademark rights.

In support, Palm Partners alleges as follow:

**THE PARTIES**

1. Palm Partners is a Florida Limited Liability Company headquartered at 1177 George Bush Blvd., Suite 400, Delray Beach, FL 33482. Palm Partners offers comprehensive addiction treatment and recovery services, including but not limited to drug detoxification services, in-patient residential treatment, intensive outpatient treatment and related services – all under the mark **PALM PARTNERS** as well as the related mark **PALM PARTNERS**

**RECOVERY CENTER**. Palm Partners has used such marks both extensively and exclusively for over fifteen-years in offering addiction counseling and related treatment programs.

2. Palm Recovery is a Florida Limited Liability Company maintaining an office at 2501 South Seacrest Blvd, Boynton Beach, Florida 33435. Formed on or about March 7, 2016, with the state of Florida, Palm Recovery advertises at www.PalmRecoveryCenter.com (the "Palm Recovery Center Website") how it is a "premier intensive outpatient (IOP) program in a day and night treatment format" focused on providing substance abuse programs to the South Florida community. Palm Recovery similarly advertises on various social media including Facebook at www.Facebook.com/PalmRecoveryRehab. Upon information and belief, the name "Palm Recovery" and/or the related moniker "Palm Recovery Center" was chosen and selected specifically because it is confusingly similar to the mark **PALM PARTNERS** as well as the related mark **PALM PRECOVERY CENTER.** Upon formation information and belief, the name **"**Palm Recovery Center" is employed because it differs from the mark **PALM PARTNERS RECOVERY CENTER** by a removal of a single word.

3. Ginsberg is an individual working at 2501 South Seacrest Blvd, Boynton Beach, Florida 33435. Ginsberg is the sole owner, manager, and director of Palm Recovery, and is the moving force behind its improper infringing actions. Moreover, upon information and belief, Ginsberg allowed, approved, conceded or agreed-to use of the confusingly similar name "Palm Recovery" and/or "Palm Recovery Center" when offering addiction counseling and related treatment programs in direct competition with programs offered by Plaintiff under the mark **PALM PARTNERS** as well as the related mark **PALM PARTNERS RECOVERY CENTER**. Furthermore, it is believed that Palm Recovery is the "alter ego" of Ginsberg.

## JURISDICTION AND VENUE

4. This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), by virtue of 15 U.S.C. § 1051 *et seq.*, in that the case arises out of § 43(a) of the Lanham Act for trademark infringement and supplemental jurisdiction under 28 U.S.C. §§ 1367(a) and 1338 (a),(b).

5. Venue is proper, *inter alia*, under 28 U.S.C. § 1391(b) because, on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Furthermore, Venue is proper as Defendants maintain their sole locations within this Judicial District – as well as are engaged in actions and omissions that are creating acts of trademark infringement and/or unfair competition within this Judicial District.

## GENERAL ALLEGATIONS

### Palm Partners and its Registered Trademarks

6. Founded in 1994, Palm Partners provides high-quality and specialized treatment services for individuals suffering from drug and alcohol addiction. The company offers comprehensive twelve-step programs to ensure long-term recovery from these forms of addiction, including use of state-of-the-art and innovative treatment strategies.

7. Palm Partners maintains a campus of buildings in Delray Beach, Florida, upon which it maintains and runs a comprehensive wellness facility designed to provide individuals suffering from addictions with a safe, friendly and positive living environment as they receive treatment.

8. Since approximately June 2000, Palm Partners has offered its comprehensive drug and alcohol treatment and recovery services under the mark **PALM PARTNERS** or permutations thereof.

9. On or about April 15, 2010, Palm Partners prepared and filed a Section 1(a) application before the United States Patent & Trademark Office ("USPTO") for the mark **PALM PARTNERS** in International Class 44 for the mark **PALM PARTNERS** for "[r]ehabilitation and counseling of drug and alcohol addicted patients." That application became United States Trademark Application Serial No. 85/014,909 ("the '909 Application").

10. On September 14, 2010, the USPTO issued a notice of publication for the '909 Application. The application was never opposed by any third-party. On November 30, 2010, the USPTO issued United States Trademark Registration 3,882,989 ("the '989 Registration") based upon the underlying '909 Application.

11. The '989 Registration remains valid and enforceable and is now incontestable under 15 U.S.C. § 1065.

12. On or about July 20, 2012, Palm Partners prepared and filed a Section 1(a) application before the USPTO for the mark **PALM PARTNERS RECOVERY CENTER** (stylized) which includes the following:

PALM
PARTNERS
RECOVERY CENTER

in International Class 44 for "[r]ehabilitation and counseling of drug and alcohol addicted patients." That application became United States Trademark Application Serial No. 85/682,491 ("the '491 Application").

13. On January 8, 2013, the USPTO issued a notice of publication for the '491 Application for the mark **PALM PARTNERS RECOVERY CENTER**. The application was

never opposed by any third-party. On March 26, 2013, the USPTO issued United States Trademark Registration 4,308,559 ("the '559 Registration") based upon the underlying '491 Application. The '559 Registration remains valid and enforceable.

14. Both the '989 Registration (which again is incontestable under 15 U.S.C. § 1065) and the '559 Registration are collectively referred to as the "**PALM** Marks" herein.

15. Since June 2000, Plaintiff has spent a consider amount of time, energy, and financial resources to actively advertise, market, and promote its line of high-quality comprehensive drug and alcohol recovery services under the **PALM** Marks. One of Plaintiff's principal advertising channels used in this endeavor is Internet advertising including, but not limited to, its comprehensive website located at www.PalmPartners.com (hereinafter the "Palm Partners Website"), as well as related sponsored link paid-for advertising via third-party search engines including, but not limited to, Google.

**Defendants and Their Infringing Conduct**

16. Formed less than a year ago, Palm Recovery was incorporated for the specific purpose of providing and offering intensive outpatient ("IOP") addiction treatment and recovery services to individuals located in the South Florida community. Such IOP (and related addition treatment) services are all marketed and advertised to prospective customers under the name **PALM RECOVERY** and/or **PALM RECOVERY CENTER** (the "Infringing Names").

17. On May 19, 2016, Defendants registered through Registrar Godaddy www.PalmRecoveryCenter.com for purposes of marketing and advertising Palm Recovery's addiction treatment and recovery services. Such efforts are clearly meant to compete with the Palm Partners Website. Upon information and belief, Defendants specifically chose a domain name that contained "Palm," "Recovery," and "Center" in order to associate Defendants'

competing IOP services with the **PALM** Marks (including but not limited to the Palm Partners Website)– as well as to create the improper association as to being affiliated with Palm Partners.

18. According to www.Achive.org, Defendants launched the Palm Recovery Center Website by early August 2016, and began consumer facing marketing of their services under the name **PALM RECOVERY CENTER**:




19. On or about June 10, 2016, Defendants launched a comprehensive social media presence at https://www.facebook.com/palmrecoveryrehab/ – which is yet another unauthorized and improper use of the term **PALM RECOVERY** and therefore violation of Plaintiff's trademark rights regarding the **PALM** Marks:




20. Defendants' adoption and continued use of the Infringing Names to identify its line of drug and alcohol and recovery services risks considerable consumer confusion with Plaintiff's trademark rights regarding the **PALM** Marks, as the Infringing Names are slavish copies one word differences from the **PALM** Marks. Both Palm Partners and Defendants offer similar drug and alcohol treatment and recovery services, to the very same customer base. What is more, both Palm Partners and Defendants use the very same advertising channels. Moreover, both are located proximate each other (one in Delray Beach and the other in nearby Boynton Beach).

21. This constitutes clear acts of unfair competition which risks considerable consumer confusion in that potential or actual customers of Palm Partners may believe that Defendants' services offered in Boynton Beach are affiliated, sponsored, endorsed, or related to Palm Partners.

**COUNT I**
**FEDERAL UNFAIR COMPETITION – PASSING OFF**
**15 U.S.C. § 1125(a)**

22. Palm Partners re-alleges and incorporates by reference paragraphs one (1) through twenty (20) as if fully set forth herein.

23. Defendants have knowingly and intentionally used names **PALM RECOVERY** and/or **PALM RECOVERY CENTER** (the "Infringing Names") on their website, marketing, advertising, signage, and related items in interstate commerce for purposes of the offering of drug and alcohol related treatment and recovery services.

24. Defendant's use of the names **PALM RECOVERY** and/or **PALM RECOVERY CENTER** suggests to relevant prospective and/or actual patients seeking drug and alcohol related treatment and recovery services that Defendants are affiliated, sponsored, or related to Palm Partners and its mark **PALM PARTNERS.**

25. Defendants' Infringing Website, advertising and related signage all leads to the suggestion that there is some relationship between Defendants and Palm Partners.

26. Defendants' use of the names **PALM RECOVERY** and/or **PALM RECOVERY CENTER** are likely to cause, has caused, and will continue to cause, confusion among actual and/or potential customers as to the origin, sponsorship or approval of Defendants' drug and alcohol related treatment and recovery services.

27. As such, Defendants' actions are in violation of 15 U.S.C. § 1125(a) in that Defendants have used and continue to use, in relation to commercial activities, a false designation or origin, or a false or misleading description which is likely to cause confusion, and to cause mistake, and to deceive, as to the affiliation, connection, or association of Defendants with Palm Partners.

28. Palm Partners has suffered, and will continue to suffer, irreparable harm resulting from the acts of unfair competition by Defendants. Likewise, Palm Partners will suffer additional irreparable harm unless Defendants are enjoined by the Court from continuing those acts, which constitute unfair competition.

29. Palm Partners has no adequate remedy at law.

30. Upon information and belief, Defendants' acts of unfair competition are willful and this is an exceptional case within the meaning of 15 U.S.C. § 1117.

## COUNT II
## INFRINGEMENT OF UNITED STATES TRADEMARK REGISTRATION 3,882,989
## 15 U.S.C. § 1114

31. Palm Partners re-alleges and incorporates by reference paragraphs one (1) through twenty-nine (29) as if fully set forth herein.

32. As previously addressed in greater detail above, Palm Partners maintains exclusive and unencumbered rights to the mark **PALM PARTNERS** in International Class 44 for "[r]ehabilitation and counseling of drug and alcohol addicted patients."

33. Palm Partners' '989 Registration before the USPTO is conclusive evidence of the validity and enforceability of the **PALM PARTNERS** mark for drug and alcohol treatment and recovery services.

34. The '989 Registration is also incontestable.

35. Defendants' later adopted and wrongful use of the names **PALM RECOVERY** and/or **PALM RECOVERY CENTER**, in conjunction with offering a competing line of drug and alcohol treatment and recovery services in the same industry to the same target group of customers, is likely to cause confusion, mistake, or deception as to source, sponsorship, affiliation, or authorization by Palm Partners, or alternatively, to destroy the origin-identifying function of Plaintiff's **PALM PARTNERS** mark.

36. As a proximate result of Defendants' actions, Palm Partners has suffered, and will continue to suffer, damages to its business, reputation, and goodwill, and is entitled to recover damages for this injury.

37. The willful conduct of the Defendants will continue to cause irreparable harm to Palm Partners unless Defendants are restrained and enjoined from further unlawful conduct.

38. Palm Partners' remedy at law is inadequate to compensate it for the injuries it will suffer in the future for the continued acts of infringement alleged herein.

39. The foregoing acts of infringement by Defendants in appropriating the **PALM PARTNERS** mark – as provided in the '989 Registration – has been, and continues to be, deliberate, willful, and wanton, making this an exceptional case within the meaning of 15 U.S.C §1117.

40. Plaintiff is entitled to a permanent injunction against Defendants, as well as all other monetary remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, costs and attorney's fees.

## COUNT III
## INFRINGEMENT OF UNITED STATES TRADEMARK REGISTRATION 4,308,559
## 15 U.S.C. § 1114

41. Palm Partners re-alleges and incorporates by reference paragraphs one (1) through twenty-nine (29) as if fully set forth herein.

42. As previously addressed in greater detail above, Palm Partners maintains exclusive and unencumbered rights to the mark **PALM PARTNERS RECOVERY CENTER** (stylized) in International Class 44 for "[r]ehabilitation and counseling of drug and alcohol addicted patients."

43. Palm Partners' '559 Registration before the USPTO is conclusive evidence of the validity and enforceability of the **PALM PARTNERS RECOVERY CENTER** (stylized) mark for drug and alcohol treatment and recovery services.

44. Defendants' later adopted and wrongful use of the names **PALM RECOVERY** and/or **PALM RECOVERY CENTER**, in conjunction with offering a competing line of drug and alcohol treatment and recovery services in the same industry to the same target group of customers, is likely to cause confusion, mistake, or deception as to source, sponsorship, affiliation, or authorization by Palm Partners, or alternatively, to destroy the origin-identifying function of Plaintiff's **PALM PARTNERS RECOVERY CENTER** (stylized) mark.

45. As a proximate result of Defendants' actions, Palm Partners has suffered, and will continue to suffer, damages to its business, reputation, and goodwill, and is entitled to recover damages for this injury.

46. The willful conduct of the Defendants will continue to cause irreparable harm to Palm Partners unless Defendants are restrained and enjoined from further unlawful conduct.

47. Palm Partners' remedy at law is inadequate to compensate it for the injuries it will suffer in the future for the continued acts of infringement alleged herein.

48. The foregoing acts of infringement by Defendants in appropriating the **PALM PARTNERS RECOVERY CENTER** (stylized) mark – as provided in the '559 Registration – has been and continues to be, deliberate, willful, and wanton, making this an exceptional case within the meaning of 15 U.S.C § 1117.

49. Plaintiff is entitled to a permanent injunction against Defendants, as well as all other monetary remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, costs and attorney's fees.

**COUNT IV**
**COMMON LAW UNFAIR COMPETITION**

49. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-nine (29) as if fully set forth herein.

50. This is an action for unfair competition under the laws of the state of Florida.

51. Defendants' aforesaid activities constitute unfair competition and an infringement of Plaintiff's common law rights in the mark **PALM PARTNERS**.

52. Plaintiff has been damaged by the Defendants' knowing and willful acts of unfair competition, including, but not limited to, its adoption and continued use of the name **PALM PARTNERS**.

53. This common law unfair competition has caused, and unless enjoined will continue to cause Plaintiff irreparable harm.

54. Plaintiffs have no adequate remedy at law.

**PRAYER FOR COSTS AND ATTORNEY FEES**

Plaintiff PALM PARTNERS, LLC requests award of reasonable costs and attorney fees pursuant to the Lanham Act and Florida Statutes.

**REQUEST FOR JURY TRIAL**

Plaintiff PALM PARTNERS, LLC requests jury trial of all matters so triable as a matter of right.

**PRAYER FOR RELIEF**

WHEREFORE, for all of the foregoing reasons, Plaintiff PALM PARTNERS LLC requests this Honorable Court grant relief in the following manner:

a. Defendants and their agents, servants, employees, and those people in active concert or participation with them be preliminary and permanently enjoined from infringing on Plaintiff's **PALM PARTNERS** mark and related **PALM PARTNERS RECOVERY CENTER** (stylized) mark.

b. Plaintiff be awarded all other monetary remedies available under the Lanham Act and common law, including, but not limited to, penalties and fines, compensatory damages, treble damages, disgorgement of profits, interest, costs, and attorney's fees as legally permitted by each count respectively.

c. Any and all other relief that this Honorable Court deems just.

DATED this February 27, 2017.

***s/Robert H. Thornburg***
Robert H. Thornburg,
Florida Bar No. 630829
rthornburg@addmg.com
Cameron C. Murphy
Florida Bar No. 125086
cmurphy@addmg.com
ALLEN, DYER, DOPPELT, MILBRATH
& GILCHRIST, P.A.
1221 Brickell Ave., Suite 2400
Miami, FL 33131
Telephone: 305-374-8303
Facsimile: 305-374-8306

*Attorneys for Palm Partners LLC*